UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:24-CR-00264** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LANDON ASKINS (03)**<br>**FERRANO BARNES (04)**<br>**KIMONI MCMURRAY (10)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine [Doc. No. 370] filed by the United States of America ("the Government"). The defendants are Landon Askins ("Askins"), Ferrano Barnes ("Barnes"), and Kimoni McMurray ("McMurray") (collectively, "Defendants"). Counsel for Askins and Barnes notified the Court via email that they do not oppose the Motion. McMurray did not file a response or otherwise notify the Court as to his position. After carefully considering the Government's filings and applicable law, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. Background

A grand jury indicted Defendants on July 2, 2025, with "Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine" in violation of Title 21, United States Code, §§ 841(a)(1), (b)(1)(A)(viii), and 846.[1] The alleged conspiracy occurred between May 1, 2021, and November 27, 2024.[2] Defendants pleaded not guilty and are awaiting trial, which is set for February 23, 2026.[3]

---
[1] [Doc. No. 178, pp. 1–2]
[2] [Id. at p. 1].
[3] [Doc. No .374, p. 1].

Page 1 of 9

The Government requests, through this Motion, for a pretrial ruling that the Government meets the foundational prerequisites to admit certain records from Block, Inc. ("Block") "pursuant to the business records exception to the hearsay rule."[4]

The parties briefed all relevant issues, and the matter is ripe.

## II.   Law and Analysis

### A.   Standard of Review

Motions in limine are well-established pre-trial motions that play an important role. They prohibit opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Vaughn v. Hobby Lobby Stores, Inc.*, 539 F. Supp. 3d 577, 582 (W.D. La. 2021).

Motions in limine are, however, frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Therefore, they should "rarely" be used to "exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Luv N' Care v. Laurain,* No. 3:16-CV-00777, 2021 WL 3440623, at *6 (W.D. La. Aug. 5, 2021). Instead, courts should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). The same reasoning applies to pre-trial inclusion of evidence via a motion in limine.

---

[4] [Doc. No. 370, p. 3 (citing FED. R. EVID. 803(6))].

Finally, a ruling on a motion in limine is not an ultimate ruling on the admissibility of the evidence, and the Court may alter a prior ruling on admissibility as the case unfolds. *See Luce v. United States*, 469 U.S. 38, 41–42 (1984).

### B. The Cash App Records

"Preliminary questions concerning," among other things, "the admissibility of evidence shall be determined by the court" and are not "bound by the rules of evidence expect those with respect to privilege." FED. R. EVID. 104(a). This includes deciding whether a document falls within the business records exception to the hearsay rule. *See United States v. Sanders*, 749 F.2d 195, 197 (5th Cir. 1984) (citing *Capital Marine Supply, Inc. v. M/V ROLAND THOMAS II*, 719 F.2d 104, 106 (5th Cir.1983); *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir.1980)).

"A record of an act, event, condition, opinion, or diagnosis" qualifies as a business record if:

- (A) The record was made at or near the time by—or from information transmitted by—someone with knowledge;
- (B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
- (C) Making the record was a regular practice of that activity;
- (D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
- (E) The opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6).

A document may be certified under Rule 902(11) if the document is "accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying" that:

> (A) The record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and
> (C) Making the record was a regular practice of that activity.

*Id.* 902(11) (citing *id.* 803(6)(A–C)).

Thus, if the Government's proffered evidence qualifies under Rule 803(6) and is certified as required by Rule 902(11), it may be admitted. The proffered evidence satisfies both requirements.

### 1. Askins' Cash App Records

Janice Vela ("Vela"), a records custodian for Block, provided the Government with "records relating to Landon Askins' Cash App account."[5] The Government offered a sworn certification by Vela, stating the records "were made at or near the time of the time of the occurrence of the matters set forth, by [her, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[6] The Government then produced these records to Askins and the other

---

[5] [Id. at p. 7].
[6] [Doc. No. 370-1, p. 1].

Defendants in the case.[7] No objections thereto are noted. Accordingly, the Government has met its burden and proven Askins' Cash App Records satisfy Rules 803(6) and 902(11).

Consequently, evidence as to Askins' Cash App Records is admissible.

### 2. Barnes' Cash App Records

Honey Britnell ("Britnell"), another records custodian for Block, provided the Government with "records relating to Ferrano Barnes' Cash App account."[8] The Government offered a sworn certification by Britnell, stating the records "were made at or near the time of the time of the occurrence of the matters set forth, by [her, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[9] The Government then produced these records to Barnes and the other defendants in the case.[10] No objections thereto are noted. Thus, the Government has met its burden and proven Barnes' Cash App Records satisfy Rules 803(6) and 902(11).

Consequently, evidence as to Barnes' Cash App Records is admissible.

### 3. Kimoni McMurray's Cash App Records

Roberto Gonzalez ("Gonzalez"), another records custodian for Block, provided the Government with "records relating to Kimoni McMurray's Cash App account."[11] The Government offered a sworn certification by Gonzalez, stating the records "were

---

[7] [Doc. No. 370, pp. 7–8].
[8] [Id. at p. 8].
[9] [Doc. No. 370-1, p. 2].
[10] [Doc. No. 370, p. 8].
[11] [Id.].

made at or near the time of the time of the occurrence of the matters set forth, by [him, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[12] The Government then produced these records to McMurray and the other defendants in the case.[13] No objections thereto are noted. Thus, the Government has met its burden and proven McMurray's Cash App Records satisfy Rules 803(6) and 902(11).

Consequently, evidence as to McMurray's Cash App Records is admissible.

### 4. Tangua Raybon's Cash App Records

The Government's Motion also seeks to include Cash App records for Defendant, Tangua Raybon ("Raybon").[14] Since filing the Motion, however, Raybon accepted a guilty plea agreement.[15] As such, the Government's Motion, as to Raybon, appears moot. Therefore, the Court determines the Motion, as to Raybon, is **DENIED AS MOOT**.

### 5. Cornelius Boston's Cash App Records

Gonzalez also provided the Government with "records relating to Cornelius Boston's Cash App account."[16] "Gonzalez specifically provided records relating to account records between January 1, 2021–October 31, 2021 and June 1, 2024–

---

[12] [Doc. No. 370-1, p. 3].
[13] [Doc. No. 370, p. 8].
[14] [Id. at pp. 8–9].
[15] [Doc. Nos. 401; 404–405].
[16] [Doc. No. 370, p. 9]. Defendant, Cornelius Boston ("Boston"), was also charged in the same indictment as Defendants, and was, allegedly, the leader of the conspiracy. [Doc. No. 178]. He has since pleaded guilty. [Doc. No. 239].

November 27, 2024."[17] The Government offered two sworn certifications by Gonzalez, stating the records "were made at or near the time of the time of the occurrence of the matters set forth, by [him, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[18] The Government then produced Gonzalez's certifications and redacted copies of the corresponding records to Defendants.[19] No objections thereto are noted. Thus, the Government has met its burden and proven Boston's Cash App Records satisfy Rules 803(6) and 902(11). Consequently, this evidence as to Boston's Cash App Records is admissible.

Lynnette Parker ("Parker"), another records custodian for Block, also provided the Government with "records relating to Cornelius Boston's Cash App account."[20] "Parker specifically provided records relating to account records between October 31, 2021–September 27, 2024."[21] The Government offered a sworn certification by Parker, stating the records "were made at or near the time of the time of the occurrence of the matters set forth, by [her, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[22] The Government then produced Parker's certifications and redacted copies of the corresponding records to Defendants.[23] No objections thereto are noted. Thus, the

---

[17] [Doc. No. 370, p. 9].
[18] [Doc. No. 370-1, pp. 5–6].
[19] [Doc. No. 370, p. 9].
[20] [Id. at p. 9].
[21] [Doc. No. 370, p. 9].
[22] [Doc. No. 370-1, p. 7].
[23] [Doc. No. 370, p. 10].

Government has met its burden and proven Boston's Cash App Records satisfy Rules 803(6) and 902(11). Consequently, this evidence as to Boston's Cash App Records is admissible.

### 6. Shedrick Green's Cash App Records

Britnell also provided the Government with "records relating to Shedrick Green's Cash App account."[24] "Gonzalez specifically provided records relating to account records between January 1, 2022–June 18, 2024."[25] The Government offered two sworn certifications by Britnell, stating the records "were made at or near the time of the time of the occurrence of the matters set forth, by [him, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[26] The Government then produced Britnell's certifications and redacted copies of the corresponding records to Defendants.[27] No objections thereto are noted. Thus, the Government has met its burden and proven Green's Cash App Records satisfy Rules 803(6) and 902(11). Consequently, this evidence as to Green's Cash App Records is admissible.

Gonzalez also provided the Government with "records relating to Shedrick Green's Cash App account."[28] "Gonzalez specifically provided records relating to

---

[24] [Id.]. Defendant, Shedrick Green ("Green"), was also charged in the same indictment as Defendants, and was one of the investigating agents' primary targets. [Doc. No. 178]. He has since pleaded guilty. [Doc. No. 210].
[25] [Doc. No. 370, p. 10].
[26] [Doc. No. 370-1, pp. 8–9].
[27] [Doc. No. 370, p. 10].
[28] [Id.].

account records between June 18, 2024 and July 31, 2024."[29] The Government offered two sworn certifications by Gonzalez, stating the records "were made at or near the time of the time of the occurrence of the matters set forth, by [him, a person] with knowledge of those matters"; "were made and kept in the course of the regularly conducted business activities"; and "were made and kept by [Block] as a regular practice."[30] The Government then produced Gonzalez's certifications and redacted copies of the corresponding records to Defendants.[31] No objections thereto are noted. Thus, the Government has met its burden and proven Green's Cash App Records satisfy Rules 803(6) and 902(11). Consequently, this evidence as to Green's Cash App Records is admissible.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 370] is **GRANTED IN PART** and **DENIED IN PART**. The Government's proffered Cash App Records as to Askins, Barnes, McMurray, Boston, and Green are **GRANTED**. The Government's proffered Cash App Records as to Raybon is **DENIED AS MOOT**.

MONROE, LOUISIANA, this 6th day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[29] [Id.].
[30] [Doc. No. 370-1, p. 10].
[31] [Doc. No. 370, p. 11].